UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| SHAFQAT SULTAN,              )<br>                              )<br>    Petitioner,             )<br>                              )<br> v.                           )<br>                              )<br> UNITED STATES OF AMERICA,    )<br>                              )<br>    Respondent.              )<br>                              ) | Civil Action Number<br>**2:22-cv-08000-AKK** |

## MEMORANDUM OPINION

The court sentenced Shafqat Sultan to 76 months in prison after he pleaded guilty to one count of possession with the intent to distribute marijuana in violation of 21 U.S.C. § 841 and two counts of possession of a firearm in violation of 18 U.S.C. § 922(g)(1). Doc. 1 at 1. Now before the court is Sultan's motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255. *See id.* Sultan's petition is due to be denied.

### I.

A grand jury charged Sultan with one count of violating 21 U.S.C. §§ 841(a)(1) and (b)(1)(D) for knowingly and intentionally possessing marijuana with the intent to distribute, one count of violating 18 U.S.C. § 924(c)(1)(A)(i) for knowingly and intentionally carrying a firearm during and in relation to a drug trafficking crime, and two counts of violating 18 U.S.C. § 922(g)(1) for knowingly

possessing a firearm despite a previous felony conviction. Crim. doc. 12 at 1-3.[1] Sultan pleaded guilty to the § 841 and § 922(g) charges in exchange for the United States agreeing to dismiss the §924 (c) charge. Crim. doc. 26 at 1-2. After reviewing the presentence investigation report, crim. doc. 35, and Sultan's objections to the report, crim. docs. 32, 33, 34, the court sentenced Sultan to 76 months in custody and three years of supervised release, crim. doc. 36. Sultan did not appeal his conviction or sentence. Doc. 1 at 2. Sultan then filed the instant § 2255 petition. *See id.*

## II.

Section 2255 allows a federal prisoner to file a motion in the sentencing court "to vacate, set aside or correct the sentence" on the basis "that the sentence was imposed in violation of the Constitution or laws of the United States." 28 U.S.C. § 2255(a). Generally, if a petitioner fails to raise an available challenge to a criminal conviction or sentence on direct appeal, he is procedurally barred from raising it in a subsequent § 2255 proceeding. *Lynn v. United States*, 365 F.3d 1225, 1234 (11th Cir. 2004). A petitioner can avoid this procedural default bar if he can show either (1) cause for not raising the claim on direct appeal and actual prejudice, or (2) actual innocence of the crime. *Id*. at 1234-35. In addition, claims of ineffective assistance

---

[1] Crim. doc. refers to the documents in Sultan's underlying criminal case, *United States v. Shafqat Sultan*, case no. 2:19-cr-00655-AKK-JHE.

2

of counsel are not subject to procedural default and need not be raised on direct appeal. *Massaro v. United States*, 538 U.S. 500, 503-04 (2003). Ultimately, if it is clear from the motion and the relevant portions of the record that the petitioner is not entitled to relief under § 2255, the court may summarily dismiss the petition without ordering the United States to respond. *See* Rule 4, Rules Governing Section 2255 Proceedings (2019). *See also Wright v. United States*, 624 F.2d 557, 558 (5th Cir.1980)[2] (affirming district court's summary dismissal of § 2255 motion where record showed that petitioner was not entitled to relief).

### III.

In his petition, Sultan argues that: (1) his conviction and sentence violate the Fifth Amendment's Double Jeopardy clause, doc. 1 at 4; (2) his sentence violates the Fair Sentencing Act and the First Step Act, *id*. at 5; and (3) his sentence is the result of ineffective assistance of counsel, *id*. at 7.

### A.

Sultan's arguments related to the Fifth Amendment and First Step and Fair Sentencing Acts are procedurally barred. These arguments were available to Sultan on direct appeal, and he has not shown cause for why he failed to raise them through an appeal. Sultan's first two claims for relief are thus procedurally defaulted in the

---

[2] Fifth Circuit decisions issued before October 1, 1981, are binding precedent within the Eleventh Circuit. *Bonner v. City of Pritchard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc).

present § 2255 proceeding. *See Lynn*, 365 F.3d at 1234-35. But, even if not procedurally barred, these claims fail on the merits.

First, there is no Fifth Amendment violation. The superseding indictment charged Sultan with four separate crimes,[3] and he pleaded guilty to three of them: count one, possession with intent to distribute a controlled substance on February 5, 2019; count three, knowingly possessing a firearm in violation of § 922(g)(1) on February 5, 2019; and count four, knowingly possessing a firearm in violation of § 922(g)(1) on February 11, 2020. *See* crim. docs. 18, 26. That the conduct underlying counts one and three occurred on the same day does not create a double jeopardy issue under *Blockburger v. United States*, 284 U.S. 299 (1932), because the two crimes have distinct elements that required proof of different facts. *United States v. Ibarguen-Mosquera*, 634 F.3d 1370, 1382 (11th Cir. 2011).

Additionally, the Fair Sentencing and First Step Acts do not apply to Sultan's case. The Fair Sentencing Act was enacted to address sentencing disparities between crack and powder cocaine offenses, and the First Step Act made those changes retroactive and provided certain crack offenders an opportunity to receive a reduced sentence or early release. *Dorsey v. United States*, 567 U.S. 260, 268-70 (2012);

---

[3] To the extent Sultan is claiming that the superseding indictment violates the Fifth Amendment because it charges him for the same crimes charged in previous indictments, his claim fails. "Filing a superseding indictment has the same effect as dismissing an original indictment and filing a new indictment," *United States v. McKay*, 30 F.3d 1418, 1420 (11th Cir. 1994), and Sultan's superseding indictment itself thus did not violate the constitutional protection against double jeopardy.

*Terry v. United States*, 141 S. Ct. 1858, 1860 (2021). Sultan's conviction and sentence are not at all related to cocaine, so the Acts are not implicated here.

**B.**

To succeed on an ineffective assistance claim, a petitioner must show that "(1) 'counsel's representation fell below an objective standard of reasonableness' and (2) that such failure prejudiced him in that 'there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.'" *United States v. Pease*, 240 F.3d 938, 941 (11th Cir. 2001) (quoting *Strickland v. Washington*, 466 U.S. 668, 687–88, 694 (1984)). Because conclusory allegations of ineffectiveness are insufficient, *Wilson v. United States*, 962 F.2d 996, 998 (11th Cir. 1992), "the cases in which habeas petitioners can properly prevail on the ground of ineffective assistance of counsel are few and far between." *Johnson v. Alabama*, 256 F.3d 1156, 1176 (11th Cir. 2001).

In his petition, Sultan appears to argue that counsel erred by not adequately objecting to a 2K2.1(b)(6)(B) enhancement of his sentence based on conduct purportedly underlying the § 924(c) charge that was dismissed pursuant to his plea agreement. Doc. 1 at 7. Sultan claims that his allegedly illegal sentence stems from this ineffective assistance and the court's subsequent adoption of the presentence investigation report. *Id.* But defense counsel filed three different objections to the presentence investigation report, *see* docs. 32, 33, 34, and Sultan has not alleged any

5

specific ways that the quality of these objections "fell below an objective standard of reasonableness," *Strickland*, 466 U.S. at 687-88.

Moreover, a sentencing enhancement under the guidelines may apply even if it is related to conduct that formed the basis for a count the government agreed to dismiss as part of plea bargaining, especially where the plea agreement explicitly notes that "the relevant conduct contained in the factual basis will be used by the Court to determine the defendant's range of punishment under the advisory sentencing guidelines." Crim. doc. 26 at 11-12; *see Hunter v. United States*, 2019 WL 1063394, at *12 (S.D. Ga. Feb. 8, 2019); *McReed v. United States*, 2014 WL 1238037, at *2 (S.D. Ga. Mar. 21, 2014). The dismissal of the § 924(c) count, therefore, does not mean that the underlying conduct could not factor into the guideline calculations for Sultan's other crimes. Rather, the dismissal meant only that Sultan would not face an additional consecutive sentence of seven years for the § 924(c) count. Put simply, Sultan has not shown any probability that he was prejudiced by his counsel's performance, *see Strickland*, 466 U.S. at 694, and is therefore not entitled to relief on this claim.

## IV.

For these reasons, Sultan's motion to vacate, set aside, or correct his sentence under § 2255, doc. 1, is due to be denied in a separate order accompanying this memorandum opinion.

**DONE** the 20th day of January, 2022.

                                                **ABDUL K. KALLON**
                                         UNITED STATES DISTRICT JUDGE